UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

German LOPEZ ROMERO,

                    Petitioner,

          -against-

Kenneth GENALO, in his official capacity as
Acting Field Office Director of New York,
Immigration and Customs Enforcement;
Markwayne MULLIN in his official capacity as
Secretary of Homeland Security; Todd
BLANCHE, in his official capacity as Attorney
General,

                    Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/3/2026__

26 Civ. 6184 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Petitioner, German Lopez Romero, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). *See generally* Pet., ECF No. 1. Lopez Romero contends that his Fourth and Fifth Amendment rights were violated when he was arrested and detained outside his home in Brooklyn on July 21, 2026. *See id.* ¶ 10. Lopez Romero seeks immediate release, *id.* ¶ 12. *See* Opp. Mem. at ECF No. 10. For the reasons stated below, the petition is GRANTED.[1]

## BACKGROUND

Lopez Romero is a 53-year-old native and citizen of Mexico who has resided in New York for over twenty-five years. Pet. ¶ 8; Form I-213 at 1, ECF No. 9-1. He has a wife and four children, two of whom are United States citizens. *See* Pet. ¶ 8. Lopez Romero has no prior criminal history, *see id.* ¶ 9; Form I-213, nor was he subject to removal proceedings or a removal order prior to his arrest. *See* Pet. ¶ 11; Initial Custody Determination, ECF No. 9-2.

---

[1] Having reviewed the petition and the government's opposition and accompanying exhibits, the Court finds that the petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. *See* 28 U.S.C. § 2243 (commanding courts to dispose of habeas petitions expeditiously, "as law and justice require").

Lopez Romero states that on July 21, 2026, he was walking home from work when "two unmarked vehicles pulled up alongside [him]" "feet from [his home.]" Pet. ¶ 10. ICE agents inside the vehicle "showed him a photo of a person they claimed to be looking for and said that [Lopez Romero] looked like the person." *Id*. Lopez Romero explained that he was not the man pictured and removed his hat to give the agents a better view. *Id*. Upon "plac[ing] his hat back on, the agents surrounded, handcuffed and detained him." *Id*. Lopez Romero states that the agents neither asked him any other questions nor showed him an arrest warrant. *Id*.

According to the government's Form I-213, signed by Deportation Officer Michael Kenney, ICE officers were conducting a search for another person when they encountered Lopez Romero on the street and asked him questions to "obtain more information about the intended target." Form I-213 at 2. The government claims that Lopez Romero "failed to communicate proficiently," which led officers to ask him for identification. *Id*. Lopez Romero then allegedly provided a fraudulent permanent resident card, leading to "further detailed questioning regarding [his] immigration status" and Lopez Romero's admission that "he had last entered the United States illegally . . . approximately 27 years ago." *Id*. ICE agents then arrested Lopez Romero and transported him to 26 Federal Plaza for further processing. *Id*. That same day, Lopez Romero filed this petition. *See* Pet. The government argues that Lopez Romero was detained pursuant to 8 U.S.C. § 1226(a). *See* Opp. Mem. at 5.

## DISCUSSION

"Noncitizens are . . . entitled to challenge through habeas corpus the legality of their ongoing detention," including "the lawfulness of detention when it is first imposed." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020). "The Supreme Court has been unambiguous

that executive detention orders, which occur without the procedural protections required in courts of law, call for the most searching review." *Id.*

Lopez Romero argues that his petition should be granted because the government "arrested him under an invalid warrant." Reply at 7. The Court engages in a two-part inquiry: (1) Did the government have a valid warrant for Lopez Romero at the time of his arrest? (2) If not, was the government's warrantless arrest legal?

The government maintains that Lopez Romero was arrested and detained under 8 U.S.C. § 1226(a), *see* Opp. Mem. at 6-7. Arrest and detention under this section occurs after "a warrant [is] issued by the Attorney General." 8 U.S.C. § 1226(a). After a warrant is issued, the warrant can be executed "[a]t the time of the issuance of the notice to appear [('NTA')], or at any time thereafter and up to the time removal proceedings are completed. . . . " 8 C.F.R. § 1236.1(b)(1). The NTA "begins the removal process, and at that time or after its issuance, the [g]overnment can then effectuate [the noncitizen's] arrest, and, if necessary, detention, until removal proceedings are completed." *Gopie v. Lyons*, No. 25 Civ. 5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025) (citing *Niz-Chavez v. Garland*, 593 U.S. 155, 157–58 (2021)). "The NTA is the immigration version of a 'charging instrument,' and the I-200 is the warrant that follows." *Yeleshev v. Larocco*, No. 26 Civ. 2294, 2026 WL 1353806, at *2 (E.D.N.Y. May 14, 2026). In other words, "the warrant's *execution* cannot precede the NTA." *Id.* at *4 (emphasis in original).

The government claims that "ICE [had] probable cause to arrest [Lopez Romero], issued a warrant for his arrest, and effectuated his arrest." Opp. Mem. at 11. But as Lopez Romero correctly points out, the government's version of the events does not align with the documents it produced. *See* Reply at 3. According to the Form I-213, "[a]t approximately 1705 hours [5:05 p.m.] [d]eportation [o]fficers placed [Lopez Romero] under administrative arrest pursuant to a

3

[w]arrant for [a]rrest (Form I-200)." Form I-213 at 2. This implies that the arrest warrant must have been issued *prior to* 5:05 p.m. on July 21, 2026. Not so. The arrest warrant, Form I-200, for Lopez Romero is time-stamped at 5:47 p.m. on July 21, 2026, over forty minutes *after* the government claims it arrested Lopez Romero. *See* Form I-200, ECF No. 9-2. The government provides no explanation for how the ICE agents could have been in possession of a warrant for a man whom they concede was not the target of the day's investigation, *see* Opp. Mem. at 5, and who had no criminal history, removal order, or NTA.[2] *See* Form I-213. The Court concludes that ICE agents did not have a valid warrant for Lopez Romero at the time of his arrest.

The Court next examines whether Lopez Romero's warrantless arrest was nonetheless lawful under 8 U.S.C. § 1357(a)(2). The government claims that "[b]ecause prior to his arrest, ICE had probable cause to believe that [Lopez Romero] was removable from the United States, his arrest was lawful under the Constitution and 8 U.S.C. § 1357(a)(2)." Opp. Mem. at 15. Section 1357(a)(2) permits ICE to conduct a warrantless arrest in situations where an ICE officer "has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation *and* is likely to escape before a warrant can be obtained for his arrest." § 1357(a)(2) (emphasis added); *see also* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). Plainly, the text of 8 U.S.C. § 1357(a)(2) and federal regulation, require ICE to determine at the time of arrest: (1) whether the individual before them is in the United States illegally; and (2) whether the individual is likely to flee before a warrant can be obtained. *See e.g.*, *Parada Cruz v. Mullin*, No. 26 Civ. 1110, 2026 WL 1027441, at *4, n.

---

[2] The Court concludes that Lopez Romero's arrest was unlawful not only for the reasons described later in this opinion but also because the NTA was issued to Lopez Romero *after* his arrest, not before, as is required by 8 C.F.R. § 1236.1(b)(1). *See* Kenney Decl. ¶¶ 6–9; *Gopie*, 2025 WL 3167130, at *1; *Yeleshev*, 2026 WL 1353806, at *2–3.

28 (E.D.N.Y. Apr. 16, 2026); *Alfaro v. Mullin*, No. 26 Civ. 0766, 2026 WL 734348, at *5 (E.D.N.Y. Mar. 16, 2026); *Curimilma Quille v. Blanche*, No. 26 Civ. 2818, 2026 WL 1453889, at *5 (E.D.N.Y. May 22, 2026).

Lopez Romero claims that the government conducted "no individualized assessment of flight risk" before carrying out a warrantless arrest, Pet. ¶¶ 35, 43, which the government does not dispute. *See* Opp. Mem. at 15. The Form I-213's summary of Lopez Romero's arrest does not describe such an assessment. *See* Form I-213. And Deportation Officer Kenney's declaration merely states that "during processing," *after* Lopez Romero's arrest, "ICE concluded [he] was a flight risk." Kenney Decl. ¶ 9; *see also* Opp. Mem. at 6. The government's post-arrest flight risk assessment does not comport with 8 U.S.C. § 1357 and 8 C.F.R. § 287.8(c)(2)(ii), which require the government to have had reason to believe Lopez Romero was likely to flee before arresting him without a warrant. Therefore, Lopez Romero's arrest did not comport with statutory requirements nor agency regulations and was unlawful. *See, e.g.*, *Curimilma Quille*, 2026 WL 1453889, at *6 ("Because Section 1357(a)(2) requires a warrant for arrest unless both requirements are satisfied, the government's warrantless arrest of [p]etitioner violated due process."); *see also Montilla v. I.N.S.*, 926 F.2d 162, 164 (2d Cir. 1991) ("The notion of fair play animating [the Fifth] [A]mendment precludes an agency from promulgating a regulation affecting individual liberty or interest, which the rule-maker may then with impunity ignore or disregard as it sees fit.")

Having determined that Lopez Romero's arrest was unlawful, the Court turns to the question of remedies. The "'typical remedy' for 'unlawful executive detention . . . is, of course, release.'" *Diallo v. Joyce*, 817 F. Supp. 3d 202, 210 (S.D.N.Y. 2025) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). The government argues that Petitioner should be forced to "exhaust his administrative remedies," Opp. Mem. at 13, but "exhausting administrative remedies does

nothing to cure a procedurally defective arrest." *Meza v. Francis*, No. 26 Civ. 2722, 2026 WL 1734903, at *3 (E.D.N.Y. June 16, 2026). The Court, therefore, orders Lopez Romero's release and his immediate return to his family.

## CONCLUSION

For the reasons stated above, the petition at ECF No. 1 is GRANTED. The government shall release Lopez Romero, without electronic monitoring, including but not limited to GPS monitoring. The government must release Lopez Romero with all of his belongings that are in its possession, including but not limited to identification cards, clothing, and money. The government shall confirm compliance with this order by **1:00 p.m.** on **August 4, 2026.**

The Court further orders that the government shall not redetain Lopez Romero without first moving before this Court to demonstrate compliance with all applicable regulatory, statutory, and constitutional requirements necessary to arrest and detain him. Should the government seek to redetain Lopez Romero, they are directed to file a motion with this Court that justifies a lawful arrest. *See, e.g.*, *Izaguirre* v. *Blanche*, No. 26 Civ. 2911, 2026 WL 2023200, at *14 (E.D.N.Y. July 13, 2026).

SO ORDERED.

Dated: August 3, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

=

6